IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHARLES PARKER,**

    **Plaintiff,**

    **v.**

**COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,**

    **Defendant.**

Case No. 18-1107

## AMENDED MEMORANDUM & ORDER

This matter comes before the court upon plaintiff Charles Parker's Motion to Proceed Without Prepayment of Fees (Doc. 3) and Affidavit in Support (Doc. 4). Plaintiff filed this case on April 3, 2018, seeking review of the denial of his disability insurance benefits claim.

Pursuant to 28 U.S.C. § 1915(a), a court may grant authorization for the commencement of an action without prepayment of fees by a person submitting a supporting affidavit demonstrating that the person is otherwise unable to pay the required fees. The court has wide discretion to grant or deny permission for a movant seeking to proceed in forma pauperis; however the court cannot act arbitrarily or deny an application on erroneous grounds. *United States v. Garcia*, 164 F. App'x, 785, 786 n.1 (10th Cir. 2006). "[T]he movant must show a financial inability to pay the required filing fees." *Id.* (quoting *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005)) (quotation marks omitted).

After reviewing plaintiff's financial affidavit, the court finds that plaintiff has not made a sufficient showing that he is unable to pay the required filing fees. Plaintiff states that he is married and that he and his spouse are unemployed. He says they live at a residential address in Hutchinson, but that they do not own the home. He says they do not own any cars, have no cash on hand, and no money in savings or checking accounts. He says they do not receive money from any other source, government

or otherwise. He says they have no living expenses including no mortgage or rental payment. Plaintiff drew a line through the section asking for plaintiff's monthly expenses. The court is unsure whether this means plaintiff has no expenses or just did not fill that section out substantively. Plaintiff lists no other debts or expenses and says he has never filed for bankruptcy.

In sum, plaintiff provided the court with no information about his expenses or income, unless he truly has none. Because the court is unable to ascertain—based on plaintiff's motion—whether he truly has no expenses, the motion is denied without prejudice.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Proceed without Prepayment of Fees (Doc. 3) is denied without prejudice. Plaintiff is ordered to refile his motion, providing substantive answers regarding his expenses, or pay the full filing fee by May 1, 2018, or the case will be dismissed without prejudice.

Dated April 6, 2018, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**