# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**CHARLES PARKER,**

    **Plaintiff,**

    **v.**

**COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, NANCY A. BERRYHILL, ACTING COMMISSIONER,**

    **Defendant.**

Case No. 18-1107

## **MEMORANDUM & ORDER**

This matter comes before the court upon defendant Nancy A. Berryhill, Acting Commissioner of Social Security's Amended Motion to Dismiss (Doc. 18) and the court's Order to Show Cause (Doc. 20).

**I.   Background**

On April 3, 2018, plaintiff Charles Parker filed a form Complaint For Review Of A Social Security Disability or Supplemental Security Income Decision (Doc. 1). Plaintiff requests that defendant's decision be modified to grant plaintiff maximum monthly insurance benefits, retroactive to the date of his initial disability.

On July 24, 2018, defendant filed the Amended Motion to Dismiss (Doc. 18). Under D. Kan. Rule 6.1(d), plaintiff had 21 days to respond to defendant's motion. Plaintiff's response was due by August 14, 2018. No response was filed.

On August 15, 2018, the court ordered plaintiff to show cause by August 24, 2018, why the motion to dismiss should not be granted as unopposed. The court explained that if plaintiff wanted the

court to consider any response to the Amended Motion to Dismiss, such response must also be filed by August 24, 2018.

On August 24, 2018, plaintiff filed a Motion to Continue, stating that he has some ongoing health issues. The court interpreted plaintiff's motion as a motion for extension of time and granted him an additional two weeks to respond to the court's Order to Show Cause (Doc. 20). Plaintiff's response to the order to show cause and any response he wanted the court to consider were due by September 14, 2018. Plaintiff filed a response to the order to show cause on September 13, 2018, attaching some medical documents addressing plaintiff's physical capacities. The response stated:

> I Charles R. Parker would like address the show of cause in this order of case. I been dealing with so many issues for years and has caused me to have mental issues along with my physical problems and have gotten worse. This has been on going mental issue for many years now and still going. For it has made me not to be a productive member of society. On top of all my problems it has caused problems to my family and all my loved ones. I also have problems getting medical assistance, And homeless at times having to find people to stay with that would help deal with my issues. My wife is the one who has been dealing with all my problems and has our marriage on edge of splitting up. I ask to please proceed with my case, for I'm still not able to work and haven't for years now. Here is a copy of my last evaluation/paper work done on me. And on all aspect, I was notified that in addition the Appeals Council received additional evidence which it is making part of my records. Please pray that the court reconsider to proceed on with my case. I am struggling with everyday things in life and my body aches as I spend most of my days in bed not wanting to do anything with family. My wife helps me out every day to get by day to day.

(Doc. 24, at 2.) The court will accept plaintiff's response as good cause shown. However, plaintiff did not include any response to defendant's motion to dismiss. Therefore, the motion to dismiss is treated as unopposed.

**II.     Legal Standard**

    **A. Pro Se Litigants**

Where a plaintiff proceeds pro se, the court construes his filings liberally and holds them to less stringent standards than pleadings filed by lawyers. *Barnett v. Corr. Corp of Am.,* 441 F. App'x 600,

601 (10th Cir. 2011). Pro se plaintiffs are nevertheless required to follow the Federal and Local Rules of practice and the court does not assume the role of advocating for pro se plaintiffs. *United States v. Porath*, 553 F. App'x 802, 803 (10th Cir. 2014).

### B. Motions to Dismiss Under Fed. R. Civ. P. 12(b)(6)

The court will grant a motion to dismiss under Fed. R. of Civ. P. 12(b)(6) only when the factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the factual allegations need not be detailed, the claims must set forth entitlement to relief "through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008). The allegations must contain facts sufficient to state a claim that is plausible, rather than merely conceivable. *Id.* "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). The court construes any reasonable inferences from these facts in plaintiff's favor. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).

### C. Social Security Appeals In Federal Court

The Social Security Act states that "[a]ny individual, after any final decision of the Commissioner of Social Security . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision . . . ." 42 U.S.C. § 405(g). The 60-day time limit is strictly construed because it is a condition to the waiver of sovereign immunity. *Leslie v. Bowen*, 695 F. Supp. 504, 506 (D. Kan. 1988) (finding a complaint filed six days late untimely, and subject to dismissal).

### III. Discussion

The Appeals Council's notice was dated January 5, 2018. As mentioned above, on April 3, 2018, plaintiff filed a form Complaint For Review Of A Social Security Disability or Supplemental Security Income Decision (Doc. 1). Plaintiff checked the box claiming the basis for jurisdiction as a Title II Disability Insurance Benefits Claim. The form stated that such an appeal must be filed within 60 days of the receipt of the notice that defendant's decision became final. Plaintiff stated "January 5th, 2018, and I received it on January 11th, 2018." (Doc. 1, at 3.)

"Date you received notice" is defined in the Code of Federal Regulations to be "5 days after the date on the notice, unless you show us that you did not receive it within the 5-day period." 20 C.F.R. § 404.901. This means plaintiff had 65 days from January 5, 2018 to file his civil action, which would have been March 11, 2018. Because the 11th was a Sunday, the complaint was due by Monday, March 12, 2018. Plaintiff provides no evidence that he did not receive notice until January 11th, but even if he had, his civil action still had to be filed by March 12, 2018—60 days after actual receipt of the notice.

Unlike many cases where courts have discussed the 60-day time limit, this case is not a close call. Plaintiff waited 88 days from the date of the notice to file his appeal, over 20 days over the time limit. In any event, it is for the Appeals Council to determine whether plaintiff should be granted additional time to file his complaint for good cause. Plaintiff has made no such request to the court's knowledge. Defendant's motion to dismiss is therefore granted because this case was not filed within the 60-day time period.

**IT IS THEREFORE ORDERED** that defendant's Amended Motion to Dismiss (Doc. 18) is granted.

This case is closed. The clerk's office shall enter judgment in favor of defendant and against plaintiff.

Dated September 17, 2018, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**